UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| G. JOHN CENTO, as the Personal Representative of the ESTATE OF DeJUAN L. SHEPHERD,<br><br>Plaintiff,<br><br>v.<br><br>MARION COUNTY SHERIFF'S DEPARTMENT, and MARION COUNTY,<br><br>Defendants. | CASE NO. _____<br><br><br><br><br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff, G. John Cento, on behalf of the Estate of DeJuan L. Shepherd, by counsel, for his complaint against Defendants, respectfully alleges and states as follows:

1. On or about January 23, 2014, DeJuan Shepherd committed suicide while in the custody of the Marion County Sheriff's Department and housed in the Marion County Jail, while awaiting trial.

2. This is a civil rights action brought by the Estate of DeJuan L. Shepherd, who died at the Marion County Jail due to the deliberate indifference of the Marion County Sheriff's Department, Marion County, and one or more governmental officials responsible for his protection and care.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), which allows an action to be brought in the district where the defendants reside or in which the cause of action arose. The Defendants reside in this district and all of the events occurred in this district, making it the proper venue.

## PARTIES

5. The decedent, DeJuan Shepherd, was a resident of Indiana at the time of his death. G. John Cento, has been appointed as Personal Representative of DeJuan L. Shepherd's estate, which has been opened in the Marion Superior Court under cause number 49D08-1601-ES-001983.

6. Defendants Marion County Sheriff's Department and Marion County at all times relevant to this action operated and maintained the Marion County Jail, which is located in Indianapolis, Indiana.

## FACTUAL BACKGROUND

7. At the time of his death, DeJuan Shepherd was a pretrial detainee held in custody at the Marion County Jail while awaiting trial.

8. DeJuan Shepherd was incarcerated at the Marion County Jail starting on January 20, 2014.

9. At the time of his initial incarceration, DeJuan Shepherd was suffering from heroin and alcohol withdrawals, and was also screened for bipolar disorder, paranoid schizophrenia, and severe anxiety.

10. DeJuan Shepherd's physical and mental health problems made DeJuan Shepherd a suicide risk, and should have triggered enhanced evaluation and monitoring while he was in jail.

11. Despite the jail's actual and/or constructive knowledge of DeJuan Shepherd's physical and mental health problems, the jail did not monitor or otherwise supervise him as a possible suicide threat. Instead, DeJuan Shepherd was immediately placed in the jails general population.

12. In the early afternoon of January 23, 2014, DeJuan Shepherd was found unresponsive, hanging in a shower cell. Medical intervention was unsuccessful in reviving him, and he was pronounced dead on that date.

13. Defendants were responsible for proper care and protection of inmates at the Marion County Jail. Defendants also had duties under the United States Constitution to ensure that pretrial detainees' rights, including the right to due process secured by the Fourteenth Amendment, were not violated.

14. Defendants' responsibilities to pretrial detainees included the responsibility to assess whether individual inmates were prone to or contemplating suicide, and, if so, to take appropriate action to prevent such suicide.

15. Defendants were responsible for formulating, implementing, and monitoring the effective use of protocols and procedures to properly and

comprehensively evaluate inmates for suicidal tendencies, and to prevent potentially suicidal inmates from committing suicide.

16. This was not an isolated occurrence of suicide in a jail operated by Marion County and the Marion County Sheriff's Department.

17. Other pretrial detainees awaiting trial have committed suicide in jails operated by Marion County and the Marion County Sheriff's Department.

18. On or about October 14, 2015, after an internal investigation, Marion County Jail Commander Lieutenant Colonel Royce Cole was removed from his command and eighteen deputies were disciplined.

19. The constitutionally deficient policies that resulted in the death of DeJuan L. Shepherd are among the same policies that resulted in the termination of Lt. Col. Cole and the discipline of eighteen deputies.

20. Any constitutionally permissible policies for preventing suicide of pretrial detainees would have identified DeJuan Shepherd as a suicide risk and taken measures to prevent his suicide, based upon DeJuan Shepherd's physical maladies combined with his recognized mental condition.

21. Despite the fact that DeJuan Shepherd might have been prone to suicide, Defendants failed to take appropriate steps to prevent DeJuan Shepherd from committing suicide, and even allowed DeJuan Shepherd access to tools and materials that he used to commit suicide.

22. These failures were due to Defendants' failure to develop adequate procedures and protocols, and/or failure to monitor or implement existing procedures and protocols.

## COUNT I
## CLAIM UNDER 42 U.S.C. § 1983

23. Plaintiff incorporates the preceding allegations as if fully set forth below.

24. Defendants' above-detailed failures and actions (or inactions) violated DeJuan Shepherd's Fourteenth Amendment Due Process rights.

25. Under the Fourteenth Amendment right to due process, pretrial detainees are entitled to "at least as much, and probably more, protection" as convicted criminals under Eighth Amendment. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010); *Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013).

26. Marion County and Marion County Sheriff's Department, by express policy and/or by widespread practice, deprived DeJuan Shepherd of his constitutional rights.

27. The death of DeJuan Shepherd was the highly predictable consequence of the policies of Marion County and Marion County Sheriff's Department.

28. Defendants' actions and inactions constitute deliberate indifference to DeJuan Shepherd's rights and needs that caused his death.

29. Defendants are liable under 42 U.S.C. § 1983 for their actions in depriving DeJuan Shepherd of the rights, privileges, and immunities secured to him by the Fourteenth Amendments to the United States Constitution.

## COUNT II
## WRONGFUL DEATH

30. Plaintiff incorporates the preceding allegations as if fully set forth below.

31. Defendants owed a duty to DeJuan Shepherd to take reasonable precautions to preserve his life, health, and safety.

32. DeJuan Shepherd committed suicide while acting under the strain of his psychological and physical conditions such that he was in a delirium or frenzy and did not do so voluntarily or willfully.

33. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Defendants breached their duties to DeJuan Shepherd.

34. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, the Estate of DeJuan L. Shepherd suffered great losses and seeks to recover for the wrongful death of DeJuan L. Shepherd, including recovery of medical, funeral, and burial expenses, expenses incurred in the administration of the decedent's estate, the loss of love, care, and affection to his loved ones, reasonable attorneys' fees and costs pursuing this action, and all other damages allowed by state and federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an entry of judgment in her favor, including an award of all available common-law and statutory damages and

restitution, pre-and post-judgment interest, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of her claims.

Respectfully submitted,

_____
Eric S. Pavlack
PAVLACK LAW, LLC
255 N. Alabama Street, Suite 301
Indianapolis, IN 46204
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*

7